**No. 19-13242**

*In the*

# United States Court of Appeals

*For the*

# Eleventh Circuit

————————————

BRANDY VARNER, *ET AL.*,

*Plaintiffs–Appellants*,

v.

DOMETIC CORPORATION,

*Defendant–Appellee.*

————————————

Appeal from an Order of the United States District Court
for the Southern District of Florida, Hon. Robert N. Scola, Jr.,
D.C. Civil Action No. 16-22482-Civ-Scola

**BRIEF OF THE AMERICAN ASSOCIATION FOR JUSTICE
AS AMICUS CURIAE IN SUPPORT OF APPELLANTS**

Jordan Elias
GIRARD SHARP LLP
601 California Street, 14th Floor
San Francisco, CA 94108
(415) 981-4800
jelias@girardsharp.com

*Counsel for Amicus Curiae*

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PARTIES............................................ vi

CORPORATE DISCLOSURE STATEMENT ............................................ 1

INTERESTS OF AMICUS AND STATEMENT OF THE ISSUE ............ 1

SUMMARY OF THE ARGUMENT ........................................................ 2

ARGUMENT ............................................................................................ 4

    I.    RULE 23 DOES NOT REQUIRE PROOF OF A
           METHOD FOR IDENTIFYING CLASS MEMBERS............. 4

    II.   THE USE OF SELF-IDENTIFYING AFFIDAVITS TO
           ESTABLISH CLASS MEMBERSHIP IS CONSISTENT
           WITH LONGSTANDING EVIDENTIARY PRACTICE. ......... 6

    III.  PERMITTING CLASS MEMBERS TO SELF-IDENTIFY
           DOES NOT ABRIDGE DEFENDANTS' DUE PROCESS
           RIGHTS. ................................................................................ 12

CONCLUSION........................................................................................ 16

CERTIFICATE OF COMPLIANCE ....................................................... 17

CERTIFICATE OF SERVICE ................................................................ 18

# TABLE OF AUTHORITIES

<u>**Page**</u>

## CASES

*Allapattah Servs., Inc. v. Exxon Corp.*
  333 F.3d 1248 (11th Cir. 2003)
  *aff'd*, 545 U.S. 546 (2005) .................................................. 12, 13

*Amchem Prods., Inc. v. Windsor*
  521 U.S. 591 (1997) ............................................................ 4, 11

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*
  568 U.S. 455 (2013) ............................................................ 4, 16

*Briseno v. ConAgra Foods, Inc.*
  844 F.3d 1121 (9th Cir. 2017)
  *cert. denied*, 138 S. Ct. 313 (2017) ........................................ 2, 11

*Brown v. Philadelphia, Wilmington & Baltimore R.R. Co.*
  9 F. 183 (C.C.D. Del. 1881) ...................................................... 10

*Butler v. Sears, Roebuck & Co.*
  702 F.3d 359 (7th Cir. 2012)
  *cert. granted*, 569 U.S. 1015 (2013)
  *and judgment reinstated*, 727 F.3d 796 (7th Cir. 2013) ............. 14

*Butler v. Sears, Roebuck & Co.*
  727 F.3d 796 (7th Cir. 2013).................................................... 14

*Carrera v. Bayer Corp.*
  2014 WL 3887938 (3d Cir. May 2, 2014) .................................... 2

*Chaffee v. Johnson*
  229 F. Supp. 445 (S.D. Miss. 1964)
  *aff'd*, 352 F.2d 514 (5th Cir. 1965)............................................. 6

*Diefenthal v. Civil Aeronautics Bd.*
  681 F.2d 1039 (5th Cir. 1982).................................................... 9

*General Tel. Co. of Sw. v. Falcon*
  457 U.S. 147 (1982) .............................................................. 4, 5

## TABLE OF AUTHORITIES
(continued)

**Page**

*In re Dial Complete Mktg. & Sales Practices Litig.*
312 F.R.D. 36 (D.N.H. 2015) ...................................................... 11

*In re Petrobras Securities*
862 F.3d 250 (2d Cir. 2017)
*cert. dismissed*, 140 S. Ct. 338 (2019) ......................................... 2

*In re Pradaxa Prods. Liab. Litig.*
2015 WL 5307473 (S.D. Ill. Sept. 10, 2015) ................................ 9

*In re Visa Check/MasterMoney Antitrust Litig.*
280 F.3d 124 (2d Cir. 2001)
*overruled on other grounds by In re IPO Sec. Litig.*, 471 F.3d
24 (2d Cir. 2006), *and superseded by statute on other
grounds as stated in Attenborough v. Construction & Gen.
Bldg. Laborers' Local 79*, 238 F.R.D. 82 (S.D.N.Y. 2006) ............ 14

*Karhu v. Vital Pharm., Inc.*
621 F. App'x 945 (11th Cir. 2015) ................................................. 6

*Klay v. Humana, Inc.*
382 F.3d 1241 (11th Cir. 2004)
*cert. denied*, 543 U.S. 1081 (2005)
*abrogated in part on other grounds by Bridge v. Phoenix Bond
& Indem. Co.*, 553 U.S. 639 (2008) .................................... 4, 5, 14

*Lee v. Ocwen Loan Servicing, LLC*
2015 WL 5449813 (S.D. Fla. Sept. 14, 2015)................................ 8

*Lore v. Lone Pine Corp.*
1986 WL 637507 (N.J. Super. Ct. Nov. 18, 1986) .................... 8, 9

*Martin v. Global Mktg. Research Servs., Inc.*
2016 WL 6996118 (M.D. Fla. Nov. 30, 2016) ............................... 8

*McGee v. C & S Lounge*
671 N.E.2d 589 (Ohio Ct. App. 1996) ......................................... 10

## TABLE OF AUTHORITIES
(continued)

**Page**

*Mullins v. Direct Digital, LLC*
795 F.3d 654 (7th Cir. 2015)
*cert. denied*, 136 S. Ct. 1161 (2016) .................................. 2, 8, 13

*Noel v. Thrifty Payless, Inc.*
445 P.3d 626 (Cal. 2019)............................................................ 2

*Phillips Petroleum Co. v. Shutts*
472 U.S. 797 (1985) ............................................................ 7, 12

*Rikos v. Procter & Gamble Co.*
799 F.3d 497 (6th Cir. 2015)
*cert. denied*, 136 S. Ct. 1493 (2016) ............................................ 2

*Sacred Heart Health Sys., Inc. v. Humana Military Healthcare
Servs., Inc.*
601 F.3d 1159 (11th Cir. 2010) ................................................ 15

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*
559 U.S. 393 (2010) ................................................................ 15

*Smith v. Sheriff, Clay Cty., Fla.*
506 F. App'x 894 (11th Cir. 2013) ............................................ 10

*Steering Comm. v. Exxon Mobil Corp.*
461 F.3d 598 (5th Cir. 2006)...................................................... 8

*Tyson Foods, Inc. v. Bouaphakeo*
136 S. Ct. 10367 (2016) .................................................... 11, 13

*Vick v. Texas Emp. Comm'n*
514 F.2d 734 (5th Cir. 1975).................................................... 12

## STATUTES

Fla. Stat. Ann. § 76.08 .................................................................. 9

Ind. St. Sm. Cl. Rule 10(B) ........................................................ 10

Texas Est. Code Ann. § 251.104(d) .............................................. 10

# TABLE OF AUTHORITIES
(continued)

**Page**

## RULES

Fed. R. Civ. P. 23...................................................... 2, 3, 4, 5, 7, 15

Fed. R. Civ. P. 23(b)(3) .............................................. 7, 15

Fed. R. Civ. P. 23(b)(3)(D) ............................................... 5

Fed. R. Civ. P. 23(c)(1)(A) ............................................... 5

Fed. R. Civ. P. 23(c)(1)(B) ............................................ 5, 7

Fed. R. Civ. P. 23(c)(1)(C) ............................................... 5

Fed. R. Civ. P. 23(c)(2)(B)(vii)........................................... 7

Fed. R. Civ. P. 23(c)(4) ................................................. 13

Fed. R. Civ. P. 43....................................................... 9

Fed. R. Civ. P. 65....................................................... 9

## OTHER AUTHORITIES

1 STEVEN S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE: RULES & COMMENTARY (Supp. Feb. 2019) ................................. 7

NEWBERG ON CLASS ACTIONS § 18:54 (4th ed.) ................................. 11

## CERTIFICATE OF INTERESTED PARTIES

In accordance with Eleventh Circuit Rule 26.1-1, proposed Amicus Curiae, the American Association for Justice, discloses the following list of known persons, associated persons, firms, partnerships or corporations with a financial interest in the outcome of this case:

(1)    Beard, Terrence A., Counsel for Plaintiffs–Appellants

(2)    Berman, Steve W., Counsel for Plaintiffs–Appellants

(3)    Brady, Corey, Counsel for Defendant–Appellee

(4)    Cherry, Timothy, Plaintiff–Appellant

(5)    Dometic Corporation, Defendant–Appellee

(6)    Garrett, Jill, Plaintiff–Appellant

(7)    Garrett, Sid, Plaintiff–Appellant

(8)    Goehle, Marjorie, Plaintiff–Appellant

(9)    Goehle, Nelson, Plaintiff–Appellant

(10)   Goldberg, Martin G., Counsel for Defendant–Appellee

(11)   Graus, Gary, Plaintiff–Appellant

(12)   Greene, Sandra, Plaintiff–Appellant

(13)   Hagens Berman Sobol Shapiro, LLP, Counsel for Plaintiffs–Appellants

(14)  Johnston, Christopher, Plaintiff–Appellant

(15)  Kaye, Joseph M., Counsel for Plaintiffs–Appellants

(16)  King, Gwendolyn, Plaintiff–Appellant

(17)  King, Louis, Plaintiff–Appellant

(18)  Landsheft, Richard, Plaintiff–Appellant

(19)  Lash & Goldberg, LLP, Counsel for Defendant–Appellee

(20)  Law Offices of Terrence A. Beard, Counsel for Plaintiffs–
      Appellants

(21)  Loeser, Thomas E., Counsel for Plaintiffs–Appellants

(22)  Mahoney, Barbara, Counsel for Plaintiffs–Appellants

(23)  Marker, Caleb, Counsel for Plaintiffs–Appellants

(24)  Meurer, Paula, Plaintiff–Appellant

(25)  Moskowitz, Adam M., Counsel for Plaintiffs–Appellants

(26)  The Moskowitz Law Firm PLLC, Counsel for Plaintiffs–
      Appellants

(27)  Otazo-Reyes, Alicia M., Magistrate Judge, United States
      District Court for the Southern District of Florida

(28)  Patel, Pravin R., Counsel for Defendant–Appellee

(29)  Pincow, Emily L., Counsel for Defendant–Appellee

(30)  Rhodes, Gina, Counsel for Defendant–Appellee

(31)  Rutner, Erica, Counsel for Defendant–Appellee

(32)  Scarola, Jack, Counsel for Plaintiffs–Appellants

(33)  Schwartzbaum, Adam A., Counsel for Plaintiffs–Appellants

(34)  Scola, Jr., Robert N., District Judge, United States District
Court for the Southern District of Florida

(35)  Searcy Denney Scarola Barnhart & Shipley, P.A., Counsel for
Plaintiffs–Appellants

(36)  Shoemaker, Sr., Kurt, Plaintiff–Appellant

(37)  Soto, Edward, Counsel for Defendant–Appellee

(38)  Vollberg, Leah, Plaintiff–Appellant

(39)  Vollberg, Richard, Plaintiff–Appellant

(40)  Weil, Gotshal & Manges, LLP, Counsel for Defendant–Appellee

(41)  Weintraub, Greg J., Counsel for Defendant–Appellee

(42)  Young, Andrew, Plaintiff–Appellant

(43)  Zimmerman Reed, LLP, Counsel for Plaintiffs–Appellants

(44)  Zucconi, George A., Plaintiff–Appellant

## CORPORATE DISCLOSURE STATEMENT

The American Association for Justice (AAJ) is a nonprofit corporation headquartered in Washington, D.C.  It has no parent company and has issued no stock.

## INTERESTS OF AMICUS AND STATEMENT OF THE ISSUE

AAJ is a national, voluntary bar association established in 1946 to strengthen the civil justice system, preserve the right to trial by jury, and protect access to the courts for those who have been wrongfully injured.  With members in the United States, Canada, and abroad, AAJ is the world's largest plaintiff trial bar. AAJ's members primarily represent plaintiffs in personal injury actions, employment rights cases, consumer cases, and other civil actions, including class actions.  Throughout its more than 70-year history, AAJ has served as a leading advocate for the right of all Americans to seek legal recourse for wrongful conduct.

AAJ respectfully requests the opportunity to participate in this case as an amicus[1] because it is concerned about overly restrictive

---

[1] All parties have consented to the filing of this brief.  No counsel for a party authored this brief in whole or in part, and no party or its counsel or any other person made a monetary contribution intended to fund the preparation or submission of this brief.

interpretations of Federal Rule of Civil Procedure 23, a bulwark for deterrence and redress in our private enforcement regime. AAJ urges this Court to reject the extra-textual, heightened "ascertainability" rule that led the district court to deny class certification in this case. Several other Courts of Appeals[2] (and an influential state supreme court[3]) have nixed the rule applied below as incorrect and at odds with basic principles of class action law. This Court should do the same.

## SUMMARY OF THE ARGUMENT

Rule 23 is the alpha and omega of class certification analysis. The rule requires a case-specific, objectively defined class so that persons can self-identify as members. It has never required proof, at the relatively early certification stage or thereafter, that class

---

[2] *In re Petrobras Securities*, 862 F.3d 250 (2d Cir. 2017), *cert. dismissed*, 140 S. Ct. 338 (2019); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 313 (2017); *Mullins v. Direct Digital, LLC,* 795 F.3d 654 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 1161 (2016); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1493 (2016). Not only is the Third Circuit an outlier at this point but several of its Judges called for its strict rule of ascertainability to be overruled. *Carrera v. Bayer Corp.*, No. 12-2621, 2014 WL 3887938 (3d Cir. May 2, 2014) (Ambro, McKee, Rendell, and Fuentes, JJ., dissenting from denial of rehearing en banc).

[3] *Noel v. Thrifty Payless, Inc.*, 445 P.3d 626 (Cal. 2019).

members can be identified through preexisting records or another specific method.  That would be especially unrealistic because many people discard their receipts for small-dollar purchases and defendants may resist discovery into their record-keeping systems. In contrast, affidavits of class members attesting that they fit within a well-defined class are not merely convenient; they are a form of ordinary proof firmly rooted in our legal system.

The spurious freestanding ascertainability requirement applied below is nowhere to be found in Rule 23.  There is no abridgement to defendants' due process rights from applying the traditional requirement centering on the class definition.  A defendant has no interest in how an aggregate judgment is allocated among class members, and with a claims-made process, the defendant is free to challenge individual claims.  Defendants' due process rights find protection in the express requirements of Rule 23, which do not contemplate a need to show a class member identification method as a precondition of certification.

The district court applied an erroneous rule of law and accordingly should be reversed.

## ARGUMENT

## I. RULE 23 DOES NOT REQUIRE PROOF OF A METHOD FOR IDENTIFYING CLASS MEMBERS.

Nothing in Rule 23 calls for proof of an administrative method for identifying unnamed class members, and under this Court's leading class action decision, a district court's authority "must be 'exercised within the framework of rule 23.' " *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004) (citation omitted), *cert. denied*, 543 U.S. 1081 (2005), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

The Supreme Court likewise held that what is "of overriding importance" in regard to class certification is that "the Rule as now composed sets the requirements [courts] are bound to enforce." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 478 (2013) ("We have no warrant to . . . adopt[] an atextual requirement of precertification proof of materiality"); *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (Burger, C.J., concurring in part and dissenting in part) ("We have stressed that strict attention to the requirements of Rule 23 is indispensable.").

Rule 23 requires the court to decide class certification at an "early practicable time" and to define any certified class. Fed. R. Civ. P. 23(c)(1)(A), (c)(1)(B). It does *not* require proof of how class members can be identified. A method for identifying individual class members can emerge through discovery or at trial. Demanding proof of a specific method *before* certifying a class mistakenly frontloads a matter pertaining, if at all, to the end of the case. Class certification is conditional by nature. *See General Tel. Co. of Sw.*, 457 U.S. at 160; Fed. R. Civ. P. 23(c)(1)(C) (the court may alter or amend a certification order at any time before entering judgment).

Identifying unnamed class members is a manageability issue, *see* Fed. R. Civ. P. 23(b)(3)(D), commonly dealt with after entry of judgment through attestations submitted on a dedicated case website. And a manageability "concern will rarely, if ever, be in itself sufficient to prevent certification of a class." *Klay*, 382 F.3d at 1272–73. So the district court's ruling strays from the plain language of the Federal Rules and binding precedent.

-5-

## II.    THE USE OF SELF-IDENTIFYING AFFIDAVITS TO ESTABLISH CLASS MEMBERSHIP IS CONSISTENT WITH LONGSTANDING EVIDENTIARY PRACTICE.

A class must be defined by reference to the operative facts without using subjective criteria[4] or "fail-safe"[5] liability terms.  An ascertainable class, in turn, "has traditionally been defined as [one] whose members can be identified by reference to objective criteria in the class definition."  *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 952 (11th Cir. 2015) (Martin, J., concurring) (citation omitted).

By allowing persons to identify themselves as class members, a clear, objective, and factually tailored class definition protects and

---

[4] As an example of a class improperly defined by reference to subjective criteria, the putative class in *Chaffee v. Johnson* consisted of "workers for the end of discrimination and segregation in Mississippi, for the encouragement of the exercise by Negroes in Mississippi of their right to vote and to register to vote, and for the exercise and preservation of civil rights generally in Mississippi." 229 F. Supp. 445, 448 (S.D. Miss. 1964), *aff'd*, 352 F.2d 514 (5th Cir. 1965) (per curiam).  The district court noted that "[t]he vague and indefinite description . . . depends upon the state of mind of a particular individual, rendering it difficult, if not impossible, to determine whether any given individual is within or without the alleged class."  *Id.*  That is not a problem here, because the class is concretely defined to comprise purchasers of specific product models during a set time period.

[5] The rule against definitions framed in terms of legal injuries or the defendant's liability prevents certification of a class which, were it to lose on the merits, could still pursue a follow-on suit because

*[Footnote continued on next page]*

-6-

vindicates their due process rights, in a Rule 23(b)(3) case, of notice and the right to opt out of the class. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). The definition also controls who is entitled to benefit from a judgment if the class prevails and, regardless of outcome, who is precluded from bringing a follow-on suit complaining of the same violations. Fed. R. Civ. P. 23(c)(1)(B), (c)(2)(B)(vii). Hence, ascertainability analysis turns on the class definition and serves pragmatic purposes embedded in the provisions of Rule 23.

Often the most practical way for class members to claim a portion of a class judgment, whether post-verdict or settlement, is with a simple affidavit attesting that the claimant qualifies as a member of the class as defined. The submission of these statements under oath is hardly a problem. Absent indicia of

---

the defeat would eliminate the class as defined. *See* 1 STEVEN S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE: RULES & COMMENTARY (Supp. Feb. 2019) (explaining that an impermissible fail-safe definition "shields the class members from the risk of an adverse judgment: either the class members win or they are not in the class and therefore not bound by the judgment.").

fraud,[6] verifying class membership with a sworn statement should

suffice given that affidavits, by themselves, support a wide range of

judicial acts and have done so for centuries.

For example:

(1) Most analogously, courts presiding over aggregate mass tort

proceedings have entered "*Lone Pine*" orders,[7] under which

plaintiffs submit affidavits that can establish eligibility to

recover out of a global settlement.  *E.g.*, *Steering Comm. v.*

*Exxon Mobil Corp.*, 461 F.3d 598, 604 n.2 (5th Cir. 2006) (in a

_____

[6] While fraud at high enough levels could dilute individual
recoveries, the low claims rates in consumer settlements indicate
that fraud beyond negligible levels is not occurring.  *See, e.g.*, *Lee v.*
*Ocwen Loan Servicing, LLC*, No. 14-cv-60649, 2015 WL 5449813, at
*22 (S.D. Fla. Sept. 14, 2015); *Martin v. Global Mktg. Research*
*Servs., Inc.*, No. 6:14-cv-1290-Orl-31KRS, 2016 WL 6996118, at *3
(M.D. Fla. Nov. 30, 2016).

Claims that are false tend to be outliers, claims administrators
have found.  Claims from prisoners, and multiple claims under the
same or similar names or addresses, raise red flags.  Suspect
claims are reviewed, investigated, and excluded using algorithms
and other electronic techniques.  Programmatic audits identify false
information and duplicative claims.  Traps for fraud are laid by
offering drop-down menu options that are incorrect.  Responses to
questions about the goods or services at issue and the price, date,
and location of the transaction identify confused claimants or those
attempting to commit fraud.  *Cf. Mullins*, 795 F.3d at 667–68.

[7] So named because of *Lore v. Lone Pine Corporation*, No. L-
33606-85, 1986 WL 637507 (N.J. Super. Ct. Nov. 18, 1986).

mass tort arising from a refinery fire, plaintiffs "produce[d], depending on the type of injury alleged, either an affidavit from a qualified treating or other physician, or an affidavit from a qualified real estate appraiser or other real estate expert."); *see also In re Pradaxa Prods. Liab. Litig.*, No. 3:12-cv-60081, 2015 WL 5307473, at *1 (S.D. Ill. Sept. 10, 2015) (the court entered a *Lone Pine* order following a global settlement "for the purpose of resolving the claims of . . . two categories of claimants.").

(2)   A person can obtain the extraordinary, ex parte remedy of a temporary restraining order with affidavit testimony.  Fed. R. Civ. P. 65(b).

(3)   When the defendant in a diversity suit disputes federal jurisdiction, the plaintiff can meet the amount-in-controversy requirement by submitting affidavits.  *E.g.*, *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982).

(4)   When any motion relies on facts outside the record, the court has authority to decide it upon affidavit testimony.  Fed. R. Civ. P. 43(c).

(5)   Proof by affidavit routinely initiates prejudgment attachment proceedings.  *E.g.*, Fla. Stat. Ann. § 76.08.

(6)   Affidavits serve as claims of interest in estate law.  *E.g.*, Texas
      Est. Code Ann. § 251.104(d) ("An affidavit . . . is sufficient to
      self-prove the will.").

(7)   Affidavits are sufficient for legally binding claims in small
      claims courts.  *E.g.*, Ind. St. Sm. Cl. Rule 10(B) (notice of claim
      is sufficient to enter default judgment).

(8)   An attorney's affidavit stating good grounds for a defense,
      despite a failure to have previously appeared in court, permits
      a default judgment against the attorney's client to be set aside.
      *E.g.*, *Brown v. Philadelphia, Wilmington & Baltimore R.R. Co.*, 9
      F. 183, 185 (C.C.D. Del. 1881) (describing this "ancient" rule
      of Anglo-American practice); *McGee v. C & S Lounge*, 671
      N.E.2d 589, 591–92 (Ohio Ct. App. 1996) (default judgment
      lifted where affidavits demonstrated excusable neglect).

(9)   Affidavits alone support the issuance of warrants
      compromising the privacy and liberty interests of criminal
      suspects.  *E.g.*, *Smith v. Sheriff, Clay Cty., Fla.*, 506 F. App'x
      894, 898–900 (11th Cir. 2013).

-10-

Affidavits, therefore, supply ordinary proof in myriad contexts. Affidavits may also be submitted under oath to show entitlement to a portion of a classwide recovery. "Indeed, the leading treatise on class action lawsuits has confirmed that a 'simple statement or affidavit may be sufficient where claims are small or are not amenable to ready verification.'" *In re Dial Complete Mktg. & Sales Practices Litig.*, 312 F.R.D. 36, 52 (D.N.H. 2015) (quoting NEWBERG ON CLASS ACTIONS § 18:54 (4th ed.)); *see Briseno*, 844 F.3d at 1132; *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046–47 (2016) (holding that a valid method of proof in an individual case should be equally available in a class case).

Requiring preexisting records of those within a class would wipe out a swath of consumer protection suits—and their deterrent effect—since few people keep their receipts from low-cost purchases for years. That outcome would vitiate the "policy at the very core of the class action mechanism . . . to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action[.]" *Amchem*, 521 U.S. at 617 (citation omitted). Moreover, requiring preexisting records of class membership also would give businesses an incentive to keep poor records and would

let wrongdoers evade accountability by destroying or withholding records they may possess.  Those outcomes contravene settled policy as well.  *See, e.g.*, *Vick v. Texas Emp. Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975).

## III. PERMITTING CLASS MEMBERS TO SELF-IDENTIFY DOES NOT ABRIDGE DEFENDANTS' DUE PROCESS RIGHTS.

Defendants and their amici previously have argued that the Due Process Clause and Rules Enabling Act mandate proof of a feasible method of identifying class members for certification to be appropriate.  These arguments are misplaced and defective.

First, class members' submission of sworn statements is both feasible and fair when they can reasonably determine whether they belong to the class.  Second, why should a defendant care who receives how much of an aggregate judgment?  After paying the class to obtain a binding release of liability, the defendant has no interest in how that fixed sum is allocated.  *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1258–59 (11th Cir. 2003), *aff'd*, 545 U.S. 546 (2005).  Instead, "[w]hether it wins or loses on the merits, [defendant] has a distinct and personal interest in seeing the entire plaintiff class bound by res judicata."  *Shutts*, 472 U.S. at 805.

-12-

Consequently, there is no due process abridgment from class members self-identifying to claim their share of a typical fund.

When the amount a defendant pays under a settlement depends on the number or value of individual claims, the defendant has agreed to such a structure, can monitor and influence settlement administration, and cannot complain. When the plaintiff proposes using a damages model to generate a common formula for determining individual awards, the defendant can object to and obtain rulings on claims that would increase its total payout if approved. *See Mullins*, 795 F.3d at 670–71. Thus, there is no due process problem. So too, when the court bifurcates liability from damages under Rule 23(c)(4), *see Tyson Foods*, 136 S. Ct. at 1045, the defendant can protect its interests both at a class trial on liability and in individual damages proceedings, and therefore is not deprived of due process.

In the latter two situations, whether mini-trials are needed will depend on the case and may not be known until after the class trial. *See, e.g.*, *Allapattah*, 333 F.3d at 1258–59 (affirming a ruling that permitted the defendant to participate in a claims process in the absence of an aggregate damages fund). Experience further

shows that, once a clear trend emerges, the parties usually tire of such individual proceedings and reach a global settlement. *See Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 798 (7th Cir. 2013).

Defendants' arguments stem not from any genuine due process concern but from a fear that they will have to pay more if classes are certified in cases against them. Yet, if they comply with the laws governing our markets, companies should have little to fear from class certification, which provides an efficient way for them to defeat numerous claims at once. *See Butler v. Sears, Roebuck & Co.*, 702 F.3d 359, 362 (7th Cir. 2012), *cert. granted*, 569 U.S. 1015 (2013), *and judgment reinstated*, 727 F.3d 796 (7th Cir. 2013). To the extent Defendant or its amici object to settlement pressure that class certification may create, "[m]ere pressure to settle is not a sufficient reason for a court to avoid certifying an otherwise meritorious class action suit." *Klay*, 382 F.3d at 1275.[8] Nor does the potential for a larger verdict undermine the proper

---

[8] *Accord In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 145 (2d Cir. 2001), *overruled on other grounds by In re IPO Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006), *and superseded by statute on other grounds as stated in Attenborough v. Construction & Gen. Bldg. Laborers' Local 79*, 238 F.R.D. 82, 100 (S.D.N.Y. 2006).

application of Rule 23; otherwise no class could pass muster. Indeed, whether a class is certified "has no bearing . . . on [the parties'] legal rights," and a defendant's "aggregate liability . . . does not depend on whether the suit proceeds as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010) (Scalia, J., plurality opinion).

It is "the strict requirements of Rule 23" that "are intended to protect the due process rights of both unnamed class members and defendants." S. Rep. No. 109-14, at 14 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 14. Courts applying Rule 23(b)(3), for example, assess whether a putative damages class is sufficiently cohesive for it to be "fair[]" for the defendant to proceed against a representative plaintiff. Fed. R. Civ. P. 23(b)(3); *see Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010). Thus, as emphasized above, Rule 23 circumscribes every analysis of class certification—and none of its elements condition certification on a means of identifying class members. Requiring plaintiffs nonetheless to show a particular method of identifying class members would necessitate the sort of

"free-ranging," proof-dependent inquiry that courts have "no license to engage in . . . at the certification stage." *Amgen*, 568 U.S. at 466.

## CONCLUSION

For the reasons set forth, Amicus Curiae respectfully submits that the Court should reverse the order denying class certification and clarify the doctrine of ascertainability for the courts of this Circuit.

Dated:  February 4, 2020          Respectfully submitted,


                                  By:___/s/ *Jordan Elias*____
                                        Jordan Elias

                                  GIRARD SHARP LLP
                                  601 California Street, 14th Floor
                                  San Francisco, CA 94108
                                  (415) 981-4800
                                  jelias@girardsharp.com

                                  *Counsel for Amicus Curiae*
                                  *American Association for Justice*


                                  Bruce Stern
                                  President
                                  American Association for Justice
                                  777 6th Street NW, Suite 200
                                  Washington, DC 20001
                                  (202) 944-2810

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and 32(a)(7)(B), because it contains 3,170 words, as determined by Microsoft Word 2010, including all footnotes and substantive headings, and excluding the parts of the brief exempted by Fed. R. App. P. 32(f).


Dated:  February 4, 2020          By:  /s/ *Jordan Elias*
                                        Jordan Elias

                                   *Counsel for Amicus Curiae*
                                   *American Association for Justice*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2020, I caused the foregoing to be filed with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by ECF, which will furnish notice to all counsel of record in this matter.

Dated:  February 4, 2020          By:   /s/ *Jordan Elias*
                                        Jordan Elias

                                        *Counsel for Amicus Curiae*
                                        *American Association for Justice*